# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LAVON H. DRAKE, | No. 16-732V |
| Petitioner, | Special Master Christian J. Moran |
| v. | Filed: August 20, 2018 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' fees and costs |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Nancy R. Meyers</u>, Ward Black Law, Greensboro, NC, for Petitioner;
<u>Traci R. Patton</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### **<u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>**[1]

Lavon H. Drake prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. He is awarded $39,558.93. The basis for the award and reasons are listed below.

\* \* \*

On June 22, 2016, Lavon H. Drake, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, for injuries sustained from an influenza vaccination administered on June 22, 2016. Petitioner alleges that the vaccination caused her to suffer neurological symptoms, including paresthesia and cervical/cranial dystonia. Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $35,000.00. <u>Decision</u>, 16-732V, 2018 WL _____ (Fed. Cl. Sp. Mstr. Mar. 30, 2018).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On April 19, 2018, petitioner filed a motion for an award of attorneys' fees and costs. ECF No. 73.  On May 7, 2017, petitioner filed an amended motion for attorney's fees and costs reducing counsel's hourly rates.[2]  ECF No. 77.  The amended motion seeks a total of $39,674.93, comprised of $38,538.50 in attorneys' fees and $1,136.93 in attorneys' costs.  Id. at 1.  In compliance with General Order No. 9, petitioner filed a signed statement indicating that she did not incur any costs personally.  ECF No. 73 at 4.

On May 3, 2018, Respondent filed a response to petitioner's motion.  ECF No. 75.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id at 1.  Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.  On May 14, 2018, Respondent filed a response to petitioner's amended motion.  ECF No. 78.  Respondent reiterated his stance that "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 1.

On May 3, 2018, Petitioner filed a reply to respondent's response.  ECF No. 76.  Petitioner's reply states "[p]etitioner concurs with Respondent's recommendation that Special Master Moran exercise his discretion and determine a reasonable award for attorney's fees and costs in this case."  Id. at 1.  On May 14, 2018, Petitioner filed a reply to respondent's amended response.  ECF No. 79.  Petitioner reiterated their position that the Special Master "exercise his discretion."  Id. at 1.

\* \* \*

Because Ms. Drake received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

**I.      Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis

---

[2] Chief Special Master Dorsey awarded Ms. Meyers' the hourly rates of $350 for work performed in 2017 and $375 for work performed in 2018. *See Vuinovich v. Sec'y of Health & Human Servs.*, 16-1312V (Fed .Cl. Spec. Mstr. Apr. 30, 2018), *Martinec v. Sec'y of Health & Human Servs.,* 17-293V (Fed. Cl. Spec. Mstr. Apr. 25, 2018), *Lindman v. Sec'y of Health & Human Servs.,* 17-434V (Fed. Cl. Spec. Mstr. Apr. 24, 2018).

focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorney Nancy R. Meyers and the vaccine paralegal who assisted with this case. For Ms. Meyers, petitioner requests the rates of $375 per hour for all work performed. For the vaccine paralegal petitioner requests the rate of $145 per hour for all work performed. Petitioner's amended Motion for Attorney Fees and Costs adjusted Mr. Meyer's rate to $350 per hour for work performed through 2017 and $375 per hour for work performed in 2018. ECF No. 77. As these rates are in accordance with those previously awarded to Ms. Meyers' I find them reasonable and will award them in full. In regards to the vaccine paralegal, petitioner requests the rate of $145 per hour for all work performed. I find this rate reasonable as well and award it in full.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

### Administrative Time

The undersigned finds it reasonable to reduce petitioners' fees award due to the excessive amount of administrative work billed. A total of 0.80 hours were billed by the paralegal for administrative tasks such as scanning documents, making copies, paying invoices, and mailing documents.[3] ECF No. 73-2 at 31, 36, 41 and 43. It is well established that billing for clerical

---

[3] Examples of these entries include: February 14, 2017 (0.10 hrs) "Processed payment to Vidant Family Medicine Chocowinity for medical records", September 11, 2017 (0.20 hrs) "Urgent check request to Admin for payment of medical records of 2/13/17 invoice from White

and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorney's fee rates").  The undersigned **reduces the fee application for the paralegal's administrative time in the amount of $116.00**.

## II.     Costs

Petitioner requests a total of $1,136.43 in attorney's costs, consisting of costs expended for medical records, filing fees, mailings and expert costs.  ECF No.73-2 at 2.  The overall amount of costs requested is reasonable and shall be awarded in full.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned finds $39,558.93 ($38,422.50 in fees and $1,136.43 in costs) to be a reasonable amount for all attorney's fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $39,558.93 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $39,558.93 in the form of a check made payable to petitioner and petitioner's attorney, Ward Black Law, P.A, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

Eye Associates PA. Check request to Admin for check payable to CIOX as payment of medical records from Dr. Brian Kanapkey." and March 22, 2018 (0.10 hrs) "Received and scanned General order #9 Statement and Stipulation."  These entries as merely examples and are not exhaustive.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.